**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge William J. Martínez**

Civil Action No. 13-cv-1805-WJM-MJW

CLAYTON BROWN, and
MYRON BROWN,

    Plaintiffs,

v.

GLOBAL CHECK PROCESSING,

    Defendant.

---

**ORDER GRANTING IN PART PLAINTIFFS' MOTION FOR
ENTRY OF DEFAULT JUDGMENT**

---

Plaintiffs Clayton Brown and Myron Brown (together, "Plaintiffs") bring this action against Global Check Processing ("Defendant") alleging violations under the Fair Debt Collections Practices Act ("FDCPA"), 15 U.S.C. §§ 1692 *et seq*. (ECF No. 1.) Before the Court is Plaintiffs' Motion for Entry of Default Judgment Against Defendant (the "Motion"). (ECF No. 13.) For the following reasons, the Motion is granted in part.

**I. BACKGROUND**

Plaintiffs initiated this action by filing a Complaint on July 10, 2013. (Compl. (ECF No. 1).) The Complaint alleges that "[s]ometime before 2013," Myron Brown incurred a car loan debt (the "Debt") that was "consigned, placed or otherwise transferred to Defendant for collection[.]" (*Id.* ¶¶ 9-10.) Defendant began contacting Clayton Brown, Myron Brown's brother, to seek payment on the Debt. (*Id.* ¶ 12.) Although Clayton Brown informed Defendant that the Debt was not his, Defendant's

representatives continued to call him "many times" and threaten him with legal action. (*Id.* ¶ 13.)

Plaintiffs bring claims for violations of the FDCPA and the unlawful invasion of Clayton Brown's privacy by intrusion upon seclusion. (*Id.* ¶¶ 25-38.) Plaintiffs seek the following damages: (1) $1,000.00 in statutory damages under the FDCPA for each Plaintiff; (2) $1,500.00 in actual damages for the invasion of Clayton Brown's privacy by intrusion upon seclusion; (3) $3,635.25 in attorneys' fees; and (4) $540.00 in costs. (ECF No. 14 ¶ 1.)

Defendant was served with a Summons and a copy of the Complaint on August 8, 2013. (ECF No. 9.) After Defendant failed to answer or otherwise defend against this action, upon Plaintiffs' Motion, the clerk entered default against Defendant. (ECF No. 11.) Plaintiffs filed their Motion for Entry of Default Judgment against Defendant on September 11, 2013. (ECF No. 13.)

The Court has reviewed the Motion, the exhibit and affidavit, and the applicable law, and is sufficiently advised on the issues involved.

## II.  LEGAL STANDARD

Default must enter against a party who fails to appear or otherwise defend a lawsuit. Fed. R. Civ. P. 55(a). Pursuant to Rule 55(b)(1), default judgment must be entered by the clerk of court if the claim is for "a sum certain"; in all other cases, "the party must apply to the court for a default judgment." Fed. R. Civ. P. 55(b)(2). "[D]efault judgment must normally be viewed as available only when the adversary process has been halted because of an essentially unresponsive party. In that instance, the diligent party must be protected lest he be faced with interminable delay

and continued uncertainty as to his rights. The default judgment remedy serves as such a protection." *In re Rains*, 946 F.2d 731, 732-33 (10th Cir. 1991) (internal quotation marks and citation omitted).

Further, "a party is not entitled to a default judgment as of right; rather the entry of a default judgment is entrusted to the 'sound judicial discretion' of the court." *Greenwich Ins. Co. v. Daniel Law Firm*, 2008 WL 793606, at *2 (D. Colo. Mar. 22, 2008) (internal citation omitted). Before granting a motion for default judgment, the Court must take several steps. First, the Court must ensure that it has personal jurisdiction over the defaulting defendants and subject matter jurisdiction over the action. *See Williams v. Life Sav. & Loan*, 802 F .2d 1200, 1202-03 (10th Cir. 1986). Next, the Court should consider whether the well-pleaded allegations of fact, which are deemed admitted by a defendant in default, support a judgment on the claims against the defaulting defendants. *See Federal Fruit & Produce Co. v. Red Tomato, Inc.*, 2009 WL 765872, at *3 (D. Colo. March 20, 2009) ("Even after entry of default, however, it remains for the court to consider whether the unchallenged facts constitute a legitimate basis for the entry of a judgment.") (citations omitted). "In determining whether a claim for relief has been established, the well-pleaded facts of the complaint are deemed true." *Id.* (citing *Dundee Cement Co. v. Howard Pipe & Concrete Prods., Inc.*, 722 F.2d 1319, 1323 (7th Cir. 1983)).

Once the Court is satisfied that default judgment should be entered, it has the discretion to hold a hearing to determine the amount of damages. *See* Fed. R. Civ. Pro. 55(b)(2). Generally, a damages hearing is not needed when the damages

requested are for a sum certain. *See United States v. Craighead*, 176 F. App'x 922, 925 (10th Cir. 2006).

## III. ANALYSIS

### A. Jurisdiction

The Court finds that jurisdiction exists in this case pursuant to the FDCPA, which states that a plaintiff may pursue a civil cause of action "in any appropriate United States district court without regard to the amount in controversy . . . within one year from the date on which the violation occurs." 15 U.S.C. § 1692k(d). Plaintiffs allege that Defendant conducts business in Colorado. (Compl. ¶ 8.) Accordingly, the Court finds that it has personal jurisdiction over the Defendant.

### B. Plaintiffs' Claims

Plaintiffs allege that Defendant's conduct violated several provisions of the FDCPA and also invaded Clayton Brown's privacy by intrusion upon seclusion. (Compl. ¶¶ 25-38.) The Court will take Plaintiffs' claims in turn.

#### 1. FDCPA Violations

Plaintiffs allege that Defendant violated numerous provisions of the FDCPA by calling Clayton Brown "many times" in a harassing manner, which also unlawfully disclosed Myron Brown's Debt to Clayton Brown, a third party. (*Id*. ¶¶ 13, 14.)

The FDCPA limits a debt collector's contact with third parties to acquiring location information. 15 U.S.C. § 1692b(1). Other than this exception, a debt collector may not communicate "with any person other than the consumer, his attorney, a consumer reporting agency if otherwise permitted by law, the creditor, the attorney of

4

the creditor, or the attorney of the debt collector." 15 U.S.C. §1692(b). Moreover, a debt collector may "not state that [a] consumer owes any debt." 15 U.S.C. § 1692b(2). A debt collector may also not cause a telephone to ring or engage any person in a telephone conversation "repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number." 15 U.S.C. § 1692d(5).

Taking the facts pled in Plaintiffs' Complaint as true, the Court finds that Plaintiffs have established that Defendant violated multiple provisions of the FDCPA. *See, e.g.*, *Copper v. Global Check & Credit Servs.*, 2010 WL 5463338, at *2 (W.D.N.Y. Dec. 29, 2010) (finding defendant violated the FDCPA by disclosing consumer's debt to consumer's daughter).

2. Invasion of Privacy

Plaintiffs' second cause of action alleges that Defendant unlawfully invaded Clayton Brown's privacy by repeatedly calling him and threatening him with litigation. (Compl. ¶¶ 29-38.) Plaintiffs bring this cause of action pursuant to both the FDCPA and the Gramm-Leach-Bliley Act.[1] The Court has already found that Defendant's conduct violated several provisions of the FDCPA. Therefore, Plaintiffs' cause of action under Section 1692(a) of the FDCPA is duplicative and is merged with Plaintiffs' first cause of action.

As for Plaintiffs' claims pursuant to the Gramm-Leach-Bliley Act, "[t]he Gramm-Leach-Bliley Act emphasizes the need for protecting a consumer's privacy and confidentiality of nonpublic personal information. Consistent with that purpose, it also

---

[1] 15 U.S.C. § 6801, *et seq*.

provides that the law and the regulations prescribed thereunder are to be enforced by federal and state authorities." *In re Davis*, 430 B.R. 902, 908 (Bankr. D. Colo. 2010). "By its terms, however, the law does not create a private cause of action, nor is one implied. No court has ruled to the contrary." *Id.*; *see also Bowles v. Carrigan*, WL 2527938, at *1 (D. Colo. Sept. 5, 2007) ("The Gramm-Leach-Bliley Act, 15 U.S.C. § 6801 *et seq.* does not provide a private right of action."). Therefore, Plaintiffs cannot pursue a claim under the Gramm-Leach-Bliley Act.

Accordingly, Plaintiffs' second cause of action does not constitute a legitimate basis for the entry of a judgment. *See Federal Fruit*, 2009 WL 765872, at *3.

## C.   Default Judgment for Sum Certain Damages

Actual proof must support any default judgment for money damages. *See Klapprott v. United States*, 335 U.S. 601, 611-12 (1949). Moreover, the amount of damages must be ascertained before a final default judgment can be entered against a party. *See Herzfeld v. Parker*, 100 F.R.D. 770, 773 (D. Colo. 1984) (citing 10 C. Wright, A. Miller & M. Kane, Federal Practice and Procedure: Civil § 2692 at 465–66 (1983)).

Here, Plaintiffs seek "$1,500 in actual damages or more for the invasion of Plaintiff Clayton Brown's privacy by intrusion upon seclusion." (*Id.*) Default judgment for Plaintiffs' claim for actual damages shall not be entered because the Court has determined that the Gramm-Leach-Bliley Act does not constitute a legitimate basis for the entry of a judgment.

Plaintiffs also seeks $1,000.00 in statutory damages under the FDCPA for each plaintiff. (ECF No. 14.) The FDCPA authorizes an individual plaintiff to recover *up to*

$1,000 in statutory damages. *See* 15 U.S.C. § 1692k(a)(2)(A). Maximum statutory damages "should be reserved for egregious violations of the FDCPA." *Sterling v. Am. Credit & Collections, LLC*, 2012 WL 3553757, at *4 (D. Colo. Aug. 16, 2012). To determine the exact amount of damages to award, the Court must consider "the frequency and persistence of noncompliance by the debt collector, the nature of such noncompliance, and the extent to which such noncompliance was intentional." 15 U.S.C. § 1692k(b)(1); *see also Jerman v. Carlisle, McNellie, Rini, Kramer & Ulrich LPA*, 559 U.S. 573, 578 (2010) (the court must consider the provisions of Section 1692k(b) in awarding statutory damages).

Here, Defendant is deemed to have admitted calling Clayton Brown more than once, threatening Clayton Brown with litigation, and disclosing Myron Brown's Debt to a third party. Plaintiffs, however, have not provided any information regarding the frequency of Defendant's communications, other than to say that Defendant called "many times." Although Defendant's acts violated the FDCPA, there is no indication that they were persistent or egregious as to warrant the statutory maximum penalty.

Given these circumstances, Plaintiffs will each be awarded $500.00 in statutory damages, pursuant to Section 1692k(a)(2)(A) of the FDCPA. *See Scadden v. Weinberg, Stein & Assocs.*, 2013 WL 1751294, at *4 (D. Colo. Apr. 23, 2013) (awarding plaintiff $500 in statutory damages where defendant violated multiple FDCPA provisions, but plaintiff did not provide information regarding the frequency of defendant's communications); *Estay v. Moren & Woods LLC*, 2009 WL 5171881, at *2 (W.D.N.Y. Dec. 22, 2009) (awarding plaintiff $250 in statutory damages where

defendant made harassing calls on more than one occasion, made empty threats of litigation, and improperly disclosed debt information to a third party).

### D.   Attorneys' Fees and Costs

Plaintiffs also seek an award of attorneys' fees, costs, and expenses. (ECF No. 14.) Federal Rule of Civil Procedure 54(d) provides that costs, other than attorney fees, should be awarded to a prevailing party, and 28 U.S.C. § 1920 provides that such an award is to be made upon the filing of a bill of costs. Additionally, under the FDCPA, attorneys' fees are granted to successful litigants pursuant to 15 U.S.C § 1692k(a)(3).[2]

Plaintiffs seek attorneys' fees in the amount of $3,635.25, which is .25 hours at the partner rate of $300.00 per hour, 12.32 hours at the associate rate of $275 per hour, .50 hours at the paralegal rate of $150.00 per hour, and .95 hours at the senior paralegal rate of $195.00 per hour. (ECF Nos. 13-2, 13-3.)

In the Court's view, the hourly rates for Plaintiffs' counsel and paralegals appear somewhat high. *See Nuanes v. NCC Bus. Servs., Inc.*, 2012 WL 5464598, at *2 (D. Colo. Nov. 9, 2012) (finding a rate of $300.00 for FDCPA litigation "excessive"). Therefore, the Court, in its discretion, subtracts twenty percent (20%) from the total award of attorneys' fees requested by Plaintiffs, and Plaintiffs are awarded $2,908.20 in attorneys' fees.

Plaintiffs also seek an award of $540.00 in costs—$400.00 for federal court filing fees and $140.00 to effectuate service on the Defendant. (ECF No. 13-2 ¶ 21.) The

---

[2] Typically, however, the "American Rule" provides that "the prevailing litigant is ordinarily not entitled to reasonable attorneys' fees." *Alyeska Pipeline Serv. Co. v. Wilderness Soc.*, 421 U.S. 240, 247 (1975).

Court finds that this amount is reasonable and that Plaintiffs have established that they are entitled to recover this amount.

## IV.  CONCLUSION

Accordingly, the Court ORDERS that Plaintiffs' Motion for Entry of Default Judgment (ECF No. 13) is GRANTED IN PART, and judgment shall enter in Plaintiffs' favor in the following amounts:

1. Plaintiff Clayton Brown is entitled to $500.00 in statutory damages from Defendant;

2. Plaintiff Myron Brown is entitled to $500.00 in statutory damages from Defendant; and

3. Plaintiffs are entitled to $2,908.20 in attorneys' fees and costs of $540.00.

Dated this 12th day of May, 2014.

BY THE COURT:

William J. Martínez
United States District Judge